**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1492**

BRIAN SCOTT DUNN,

             Plaintiff - Appellee,

      v.

SHERIFF MORGAN MILLIRONS,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, Chief District Judge.  (7:14-cv-00429-GEC)

Submitted:  December 16, 2016          Decided:  February 1, 2017

Before MOTZ, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jim H. Guynn, Jr., GUYNN & WADDELL, P.C., Salem, Virginia, for Appellant.  Thomas E. Strelka, L. Leigh Rhoads Strelka, STRELKA LAW OFFICE, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sheriff Morgan Millirons appeals the district court's order denying in part his motion for summary judgment on the ground of qualified immunity with respect to Bryan Scott Dunn's First Amendment claim under 42 U.S.C. § 1983 (2012). Millirons contends that any constitutional protection afforded Dunn's speech was not clearly established at the time Dunn's employment was terminated.

We have jurisdiction over this appeal because the order denying qualified immunity is considered a final decision under 28 U.S.C. § 1291 (2012) where, as here, the matter turns on a question of law and not on material facts. See Ashcroft v. Iqbal, 556 U.S. 662, 671-72 (2009); Hunter v. Town of Mocksville, 789 F.3d 389, 400 (4th Cir. 2015), cert. denied, 136 S. Ct. 897 (2016). We review de novo a district court's order determining summary judgment on the basis of qualified immunity. Durham v. Horner, 690 F.3d 183, 188 (4th Cir. 2012).

In deciding whether a defendant is entitled to summary judgment on the basis of qualified immunity, "courts engage in a two-pronged inquiry." Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015). The first prong "asks whether the facts, viewed in the light most favorable to the plaintiff, show that the [defendant]'s conduct violated a federal right." Id. The second prong "asks whether the right was clearly established at the time the violation occurred such that a reasonable person would have known that his

2

conduct was unconstitutional." Id. "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate." Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012) (brackets, citation, and internal quotation marks omitted).

Under either prong of the inquiry, "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014). "The purely legal question of whether the constitutional right at issue was clearly established is always capable of decision at the summary judgment stage, but a genuine question of material fact regarding whether the conduct allegedly violative of the right actually occurred must be reserved for trial." Schultz v. Braga, 455 F.3d 470, 476 (4th Cir. 2006) (alterations and internal quotation marks omitted).

We have reviewed the claims raised in the parties' briefs and the record on appeal and find no reversible error in the district court's conclusion that Sheriff Millirons is not entitled to qualified immunity. Accordingly, we affirm for the reasons stated by the district court. Dunn v. Millirons, No. 7:14-cv-00429-GEC (W.D. Va. Mar. 31, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

AFFIRMED